[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10626
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00253-WBH-JSA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCELINO GONZALES-ALVARADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 7, 2013)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Marcelino Gonzales-Alvarado appeals his 21-month sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, Gonzales-Alvarado argues that his 21-month sentence, below his advisory guidelines range of 24 to 30 months' imprisonment, is substantively unreasonable.  After review, we affirm.

We review the reasonableness of a sentence under the deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable under the totality of the circumstances.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).[1]

The abuse of discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted).  The party challenging the sentence bears the burden of proving the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  Pugh, 515 F.3d at 1190.[2]

---

[1]Gonzales-Alvarado does not contend that his sentence is procedurally unreasonable or point to any procedural error at his sentencing.

[2]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for

Gonzales-Alvarado contends the district court should have imposed a bigger downward variance because, although the guidelines calculations were technically correct, Gonzales-Alvarado's criminal history category IV overstated his criminal past and the eight-level aggravated-felon enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), overstated the seriousness of his offense.

Gonzales-Alvarado has not shown that his 21-month sentence is substantively unreasonable.  When Gonzales-Alvarado was deported to Mexico in November 1999, he already had three battery convictions and convictions for leaving the scene of an accident and driving without a license.  Sometime in either late 1999 or 2000, Gonzales-Alvarado reentered the United States.  At that time, Gonzales-Alvarado was still on probation for his most recent battery conviction. Gonzales-Alvarado does not dispute that each of the three battery convictions qualified as an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C) or that his prior convictions and probationary status resulted in a criminal history score of 7 and a criminal history category of IV.

Moreover, at sentencing, the district court considered Gonzales-Alvarado's arguments that his criminal history category and total offense level did not accurately reflect his actual criminal history and the seriousness of his current

deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

reentry offense.  Indeed, the district court paid particular attention to Gonzales-Alvarado's contention that the two additional criminal history points imposed due to his current probationary status were unfair and imposed a 21-month sentence, within the range it determined would have applied (18 to 24 months) if those two criminal history points were omitted and Gonzales-Alvarado had only a criminal history category of III.

However, the district court also stressed the need for the sentence to deter Gonzales-Alvarado from reentering the country again and to deter others from committing the same offense.  Clearly, the district court considered Gonzales-Alvarado's mitigation arguments and gave Gonzales-Alvarado a three-month downward variance based upon them, but was unwilling to vary further downward given the need for deterrence.  We cannot say the district court's refusal to vary further downward was an abuse of discretion.

Finally, Gonzales-Alvarado cites two cases in which this Court affirmed larger downward variances than the one sought by Gonzales-Alvarado at sentencing.  These cases bear no resemblance to the facts of Gonzales-Alvarado's case, and do not support a finding that Gonzales-Alvarado's sentence is unreasonable.  Rather, these cases merely demonstrate that the reasonableness of a particular sentence turns on the totality of the circumstances presented in that case.

**AFFIRMED.**